BRYAN, Judge,
concurring specially.
In Blum v. Carter, 63 Ala. 235 (1879), the Alabama Supreme Court considered whether a homeowner’s planned construction of a residence on a parcel of land was sufficient to entitle the homeowner to assert a homestead exemption with respect to that parcel of land against the homeowner’s creditors. The supreme court stated:
“[W]e hold, that, to constitute a valid claim of homestead, there must be an occupancy in fact, or a clearly defined intention of present residence and actual occupation, delayed only by the time necessary to effect removal, or to complete needed repairs, or a dwelling-house in process of construction. An undefined, floating intention to build or occupy at some future time, is not enough. And this intention must not be a secret, uncommunicated purpose. It must be shown by acts of preparation of visible character, or by something equivalent to this.”
63 Ala. at 240 (emphasis added). I find the supreme court’s holding in Blum v. Carter to be sound, and I would find it persuasive in the case now before us if Art. XI, § 217, Ala. Const. 1901 (Official Re-comp.)(formerly Amend. No. 373), did not provide that single-family residential property must be “owner-occupied ” in order to qualify as Class III property. However, because Art. XI, § 217, does so provide, I grudgingly concur with the main opinion.